UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THOMAS SNEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CV-61-TS |
| | ) | |
| DEPUTY TIMOTHY SCHULZ, | ) | |
| FWPD SERGEANT JOHN BONAR, | ) | |
| FWPD OFFICER C. HILL, | ) | |
| FWPD OFFICER C. FAIRCHILD, and | ) | |
| DEPUTIES/OFFICERS JOHN DOES, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' oral motion to dismiss this case with prejudice for the Plaintiff's failure to prosecute and to comply with the orders of this Court, which was presented by the Defendants in open court on April 16, 2008.

**BACKGROUND**

On February 22, 2007, the Plaintiff, Thomas Sneed, initiated this suit against the Defendants claiming that they subjected him to excessive force during the course of his arrest. On September 26, counsel for the Plaintiff moved to withdraw their appearance on grounds that the attorney-client relationship had deteriorated. The Court ordered a hearing on the motion to withdraw, which required the Plaintiff and his counsel to appear in person. On October 9, 2007, the Court conducted the hearing on the motion to withdraw, but the Plaintiff did not appear as ordered by the Court. The Court granted counsel's motion to withdraw and gave the Plaintiff thirty days to obtain new counsel. The Court indicated that if no attorney appeared within thirty

days, the Court would deem the Plaintiff as electing to proceed pro se. All previously set deadlines were confirmed.

On January 23, 2008, a notice was docketed informing the parties that because the discovery period had ended, the magistrate referral was terminated and all further matters would be handled by the presiding judge. The Court set a telephone status conference for March 17 to set a trial date and directed the Plaintiff, who had not obtained counsel, to provide the Court with a telephone number where he could be reached to participate in the conference. On March 17, the Court was unable to contact the Defendant for his participation in the conference, and he did not contact the Court to explain his unavailability. Because the Plaintiff did not participate in the conference, the Court scheduled a follow-up in-person hearing for April 16, 2008, at 11:30 AM. All counsel and parties were ordered to appear in person. Notice of the hearing was sent by certified mail to the Plaintiff and a return receipt was received in the Clerk's office on March 21, 2008.

On April 16, the Plaintiff again failed to appear. Neither did he make any contact with the Court, the Clerk's office, or defense counsel. The Court and defense counsel waited until 12:25 PM, nearly an hour beyond the scheduled start time of the hearing, to begin proceedings. The Defendants then requested that the Court dismiss the claims against them with prejudice.

## DISCUSSION

Federal Rules of Civil Procedure 41(b) provides for dismissal of a plaintiff's case for failure to prosecute or to comply with the federal rules or any court order. The Seventh Circuit has summarized the factors that are relevant to the decision whether to dismiss a suit under Rule 41(b):

> [F]requency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. There is no "grace period" before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.

*Ball v. City of Chi.*, 2 F.3d 752,759–60 (7th Cir. 1993); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (holding that ordinary misconduct, as opposed to "egregious misconduct," can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction upon considering the possible merit of the underlying suit, the gravity of the misconduct, and the prejudice to the defendant).

The Plaintiff has not taken any action in this case since his counsel withdrew over six months ago, and even then he did not appear at a hearing as directed by the Court. Since then, he has been directed to participate in two separate proceedings before this Court and both times has failed to appear or to contact the Court. None of the blame for this failure to comply with the Court's orders falls on the Plaintiff's counsel, as he is representing himself. The Report of Parties' Planning Meeting in force in this case indicates that it is expected to by ready for trial by July 2008. However, the Court cannot set a trial date because the Plaintiff has failed to appear for scheduling conferences. The Plaintiff's repeated failures to participate in scheduled hearings, including those necessary to advance this case to trial, prejudices the Defendants and disrupts the Court's calendar to the prejudice of other litigants.

Dismissal for failure to prosecute is appropriate in this matter. However, because the

Court's previous orders did not explicitly warn the Plaintiff that failure to abide by the Court's orders would result in dismissal, the Court grants the Plaintiff ten days to inform the Court of his desire to proceed with this litigation. Failure to file a notice of intent to prosecute by Thursday, May 1, 2008, will result in dismissal of this case with prejudice.

## CONCLUSION

In eleven days, the Court will direct the Clerk to dismiss the claims against the Defendants with prejudice, unless the Plaintiff files notice with the Court by May 1, 2008, as directed above.

SO ORDERED on April 21, 2008.

        s/ Theresa L. Springmann
       THERESA L. SPRINGMANN
       UNITED STATES DISTRICT COURT